**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**JAN DeGROOTE,**

                **Plaintiff,**                **1:09-CV-413**
                                                               **(GLS/RFT)**

                v.

**CITY OF TROY,** et al.,

                **Defendants.**

_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Kindlon, Shanks Law Firm | TERENCE L. KINDLON, ESQ. |
| 74 Chapel Street | |
| Albany, NY 12207 | |
| | |
| **FOR THE DEFENDANTS:** | |
| Pattison, Sampson Law Firm | DONALD J. SHANLEY, ESQ. |
| 22 First Street | JONATHAN G. SCHOPF, ESQ. |
| P.O. Box 208 | MICHAEL E. GINSBERG, ESQ. |
| Troy, NY 12181 | |

---

**EDWARD M. BARR,**

                **Plaintiff,**                **1:10-CV-429**
                                                               **(GLS/RFT)**

                v.

**DEPARTMENT OF VETERANS**
**AFFAIRS,** et al.,

                **Defendants.**

_____

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |
| **FOR THE PLAINTIFF:** | |
| Pattison, Sampson Law Firm<br>22 First Street<br>P.O. Box 208<br>Troy, NY 12181 | JONATHAN G. SCHOPF, ESQ. |
| **FOR THE DEFENDANTS:**<br>NO APPEARANCE | |

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

Two of the many cases currently pending on the court's civil docket are *DeGroote v. City of Troy*, 1:09-CV-413, and *Barr v. Dep't of Veteran's Affairs*, 1:10-CV-429.  The Troy defendants in *DeGroote* and the plaintiff in *Barr* are represented by the Pattison, Sampson Law Firm, and Jonathan G. Schopf, Esq. has appeared on behalf of the firm.  *DeGroote* is a civil rights action seeking to recover damages to property, and *Barr* is an action seeking relief for defendants' failure to provide certain monetary benefits under 38 U.S.C. § 5121.

Without citation to legal authority and without any cogent discussion of any kind, legal or otherwise, Schopf baldly seeks the court's recusal from these two actions and all future actions—presumably in perpetuity—in

which Pattison, Sampson appears on behalf of a litigant.  (Defs. Mots. for Recusal, 1:09-CV-413, Dkt. No. 33, and 1:10-CV-429, Dkt. No. 5.)[1]  Since Schopf has cited no legal basis for his request, the court must presume his motions rely on 28 U.S.C. §§ 144 and 455.

Section 144 requires recusal if a judge harbors a "personal bias or prejudice" against a party.  28 U.S.C. § 144.  Similarly, § 455(b)(1) provides for recusal when a judge "has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(b)(1).  Section 455 also mandates recusal when "[the judge] or his spouse ... [i]s known by the judge to have an interest that could be substantially affected by the outcome of the proceeding."  28 U.S.C. § 455 (b)(5)(iii).  And finally, recusal is appropriate under § 455(a) when a judge's "impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  A recusal decision rests within the sound discretion of the judge whose recusal is sought.  *See United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992).[2]

---

[1] Schopf also sought to file his motions under seal, and the court denied his applications.  *See, e.g.*, *United States v. Strevell*, No. 05-CR-477, 2009 WL 577910 (N.D.N.Y. Mar. 4, 2009) (outlining Northern District sealing procedures and public right of access).  The court discerns nothing in Schopf's submission that would, in its view, cause any public concern.

[2] "The reasons for this are plain.  The judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion. In deciding whether to recuse himself, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case.  Litigants are entitled to an

In light of the corresponding language used in the two sections, courts have concluded that §§ 144 and 455 are similar in scope and are to be construed together. *See Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987). The standard for recusal under both sections is "whether a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned." *Id.* (citation omitted). "Or phrased differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) (citation omitted).

Clearly, the rules governing recusal "do not offer bright-line guidelines." *Id.* However, recusal is generally warranted when a judge expresses a personal bias concerning the outcome of the case at issue, *United States v. Diaz*, 797 F.2d 99, 100 (2d Cir. 1986) (per curiam), or has a direct personal or fiduciary interest in the outcome of the case, *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 850 (1988). Recusal is not required, though, where a case "involves remote, contingent, indirect or speculative interests." *Lovaglia*, 954 F.2d at 815. To permit otherwise

---

unbiased judge; not to a judge of their choosing." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) (citation omitted).

would be to "bestow upon litigants the power to force the disqualification of judges who are not to their liking." *United States v. Ahmed*, 788 F. Supp. 196, 202 (S.D.N.Y. 1992).

In deciding whether to recuse himself, "a judge must consider not only whether actual prejudice exists, but also whether the situation bears the appearance of impartiality." *Id.* (citations omitted). "This rule is tempered, however, where a recusal motion is based upon alleged bias against an attorney." *Id.*; *see also United States v. Helmsley*, 760 F. Supp. 338, 342 (S.D.N.Y 1991) ("[C]ourts have drawn a sharp distinction between alleged hostility between judge and party and alleged hostility between judge and attorney.") Only in extreme or rare circumstances is the appearance of such bias sufficient to justify recusal. *Ahmed*, 788 F. Supp. at 202*; Helmsley*, 760 F. Supp. at 342.[3] Specifically, the party seeking recusal must show that the hostility or bias against the attorney is "so virulent and of such magnitude" that it amounts to bias against the client. *Ahmed*, 788 F. Supp. at 203 (citations omitted); *Frase v. McCray*, No. 9:01-CV-1704, 2003 WL 57919, at *12 (N.D.N.Y. Jan. 8, 2003), *adopted by*

---

[3]*See also United States v. Corbin*, No. 09 CR 00354*,* 2009 WL 2611315, at *4 (E.D.N.Y. Aug. 25, 2009*)*; *Frase v. McCray*, No. 9:01-CV-1704, 2003 WL 57919, at *12 (N.D.N.Y. Jan. 8, 2003), *adopted by* 2003 WL 25459378 (N.D.N.Y. July 23, 2003); *United States v. Oluwafemi*, 883 F. Supp. 885, 891 (E.D.N.Y. 1995); *Helmsley*, 760 F. Supp. at 341; *In re Cooper*, 821 F.2d. 833, 841-42 (1st Cir. 1987); *In re Beard*, 811 F.2d 818, 830 (4th Cir. 1987); *United States v. Carignan*, 600 F.2d 762, 764 (9th Cir. 1979).

2003 WL 25459378 (N.D.N.Y. July 23, 2003); *see also Bell v. N.Y. Teamsters Conference Pension & Ret. Fund*, No. 86-CV-126, 1987 WL 30307, at *2 (N.D.N.Y. Dec. 28, 1987) ("A controversy between a trial judge and an attorney for parties to an action does not require disqualification absent a showing of bias or personal prejudice to the parties represented.").[4]  Moreover, "bias against a lawyer, even if found to exist, without more is not bias against his client." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1314 (2d Cir. 1988); *see also United States v. Wolfson*, 558 F.2d 59, 63 n.12 (2d Cir. 1977) (finding friction between court and counsel not indicative of bias toward defendant).

Here, as evidence of potential bias, prejudice, and/or partiality, Schopf points to the strained business relationship existing between him and the court's wife. (Defs. Mots. for Recusal, Dkt. Nos. 33, 5.)  Schopf does not allege that the court or the court's wife is in any way connected to the parties or proceedings currently before the court or is otherwise interested in the outcome of those proceedings, nor does any connection or interest exist.  Instead, Schopf contends that because the court "stood to

---

[4]For an example of the kind of circumstances requiring recusal in this context, see *Bell v. Chandler*, 569 F.2d 556 (10th Cir. 1978) (finding that a judge's disbarment of a United States Attorney and five Assistant United States Attorneys in earlier proceedings which had been procedurally deficient and wholly unjustified demonstrated unlikelihood that the United States could obtain a fair trial).

gain an indirect financial benefit" from his relationship with the court's wife, and because that relationship "has substantially deteriorated in the last week," the court should recuse itself from all pending and future actions in which counsel's firm represents a party litigant.  (*Id.*)  In Schopf's words: "It is my opinion that this dispute between your wife and myself may be viewed as a bias to your judgment and as such, have a negative impact on Firm clients and my ability to fully represent their interests in matters before Your Honor." (*Id.*)  Put simply, Schopf claims that these circumstances give rise to at least an appearance of partiality against Schopf personally and therefore warrant recusal.

     However, to succeed on this claim, Schopf must, as explained above, make a showing that the potential bias toward him would be so severe that it would reasonably call into question the court's ability to rule impartially as to his clients.  In offering nothing but conclusory speculation as to the court's potential bias against him personally, Schopf has failed to make that showing.  In reality, the court's wife is engaged in a second career while the court meets the daily challenges of momentous decision-making in such weighty matters as those raised by these motions.  She was formerly a high-level manager in the utility business, and is currently a real estate

professional.[5]  With forty-seven years of business experience, and after forty-four years of marriage, she does not rely on the court's non-existent business acumen or advice when conducting her business affairs.  Lastly, whether the court believes Schopf possesses any judgment or common sense in the context of his personal or legal affairs is absolutely irrelevant to any judgments the court must make, if any, in the litigation now pending or forever forthcoming.  As always, the court will make its calls as it sees them, and as it believes the law dictates.  Accordingly, the recusal motions are **DENIED**.

**IT IS SO ORDERED.**

Albany, New York
June 22, 2010

_Gary L. Sharpe_
United States District Court Judge

---

[5] The court intentionally distinguishes between a real estate "professional" and a real estate "agent."