**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JAN DEGROOTE,** d/b/a **CINEMA ART THEATER, INC., 285-289 RIVER STREET, TROY, NEW YORK,**

                Plaintiff,        1:09-cv-413
                                         (GLS\RFT)

      v.

**CITY OF TROY,** et al.,

                Defendants.
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Kindlon, Shanks Law Firm<br>74 Chapel Street<br>Albany, NY 12207 | TERENCE L. KINDLON, ESQ. |
| **FOR THE DEFENDANTS:** | |
| Pattison, Sampson Law Firm<br>22 First Street<br>P.O. Box 208<br>Troy, NY 12181-0208 | DONALD J. SHANELY, ESQ.<br>JONATHAN G. SCHOPF, ESQ.<br>MICHAEL E. GINSBERG, ESQ. |

**Gary L. Sharpe**
**District Court Judge**

**MEMORANDUM-DECISION AND ORDER**

## I. Introduction

Plaintiff Jan DeGroote, doing business as Cinema Art Theatre Inc., 285-289 River Street, Troy, New York, commenced this action pursuant to 42 U.S.C. §§ 1982, 1983, 1985, and 1988 alleging violations of his constitutional rights in connection with defendants' removal of the marquee of the Cinema Art Theater. (Compl., Dkt. No. 1.) Pending is defendants' motion to dismiss DeGroote's complaint pursuant to FED. R. CIV. P. 17. (Dkt. No. 28.) Defendants allege that DeGroote is not the real party in interest and does not have standing to bring and maintain this action because he does not own the property at issue. (*See id.*) Conceding that he is not the real party in interest, DeGroote has cross-moved for leave to cure the defect and amend his complaint to substitute Cinema Art Theater, Inc. as plaintiff. (Dkt. No. 29.) For the reasons that follow, defendants' motion to dismiss is denied and DeGroote's cross-motion to amend is granted.

## II. Discussion

Rule 17 of the Federal Rules of Civil Procedure provides that "[a]n action must be prosecuted in the name of the real party in interest." FED.

2

R. CIV. P. 17(a)(1).  However,"[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ... be substituted into the action." FED. R. CIV. P. 17(a)(3).  This rule is designed to avoid forfeiture of just claims "when an understandable mistake has been made."  *Wiwa v. Royal Dutch Petroleum Co.*, No. 96 Civ. 8386, 2009 WL 464946, at *10 (S.D.N.Y. Feb. 25, 2009) (citations and internal quotation marks omitted).  Accordingly, substitution of plaintiffs under Rule 17(a)(3) "should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997) (finding substitution appropriate where substance of action remained unchanged and where no evidence of bad faith or an effort to deceive or prejudice defendants); *see also Lambrinos v. Exxon Mobil Corp.*, 349 Fed. Appx. 613, 614 (2d. Cir. 2009) (unpublished) ("[T]he preferable course is to cure any Rule 17 defects by granting leave to amend, rather than to dismiss the affected claims." (citations omitted)).  And where substitution is permitted, "such ... substitution [has] the same effect as if the action had been commenced in

3

the name of the real party in interest." FED. R. CIV. P. 17(a)(3); *see also Advanced Magnetics Inc.*, 106 F.3d at 21 (holding that where substitution of plaintiffs was proper under Rule 17, the affected claims "relate[d] back to the date of the original complaint under the express terms of that Rule")*.*

Here, the court discerns no reason why Rule 17 should not apply to permit the substitution of plaintiffs.  As illustrated by the proposed amended complaint, the substitution sought would result in only a formal change and would not alter the original complaint's factual allegations as to the events or the participants.  (*Compare* Compl., Dkt. No. 1, *with* Proposed Am. Compl., Dkt. No. 29:6).  Further, the court is satisfied that the pleading defect resulted from an honest mistake, and not from bad faith or an intent to deceive or prejudice defendants.  Moreover, defendants do not allege that DeGroote's mistake was ill-motivated, or that permitting substitution would be prejudicial.  And finally, contrary to defendants' argument, (*see* Defs. Reply at 1-2, Dkt. No. 30:1), amendment of the complaint would not render the action untimely since the claims will relate back to the date of the original complaint.  *See* FED. R. CIV. P. 17(a)(3); *Advanced Magnetics Inc.*, 106 F.3d at 21.

Accordingly, because substitution of plaintiffs in this case is proper

4

under Rule 17(a)(3), defendants' motion to dismiss is denied and DeGroote's cross-motion to amend is granted.

### III. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss DeGroote's complaint (Dkt. No. 28) is **DENIED**; and it is further

**ORDERED** that DeGroote's cross-motion to amend his complaint (Dkt. No. 29) is **GRANTED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June 25, 2010
Albany, New York

*[signature]*
United States District Court Judge

5