**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CINEMA ART THEATRE,
INC.,**

               **Plaintiff,**            **1:09-cv-413
            (GLS/RFT)**

               **v.**

**CITY OF TROY et al.,**

               **Defendants.**
_____

## SUMMARY ORDER

On June 21, 2012, five days prior to the scheduled commencement of a jury trial in the instant action, plaintiff Cinema Art Theatre, Inc.,[1] notified the court that the parties, having resolved the issues in dispute, would "file the necessary documents to terminate the action within . . . ninety days," and requested that the case "be removed from the trial calendar." (Dkt. No. 102.) Cinema Art's request was granted the following day. (*See* Dkt. No. 103.) Following a text only order directing the parties to provide the court with settlement documents or a status report on or before September 19, 2012, defendants indicated that, while they had

---

[1] The Clerk is directed to amend the docket to reflect "Cinema Art Theatre, Inc." as the named plaintiff. (2d Am. Compl., Dkt. No. 36.)

provided Cinema Art with a written settlement agreement, they had yet to receive an executed copy of that agreement. (*See* Dkt. No. 104.) Counsel for Cinema Art acknowledged receipt of defendants' settlement agreement, and informed the court that his client was seeking advice from other counsel and had not accepted the proposed terms. (Dkt. No. 105.) The parties were given until November 28, 2012 to notify the court whether the action would settle or proceed to trial, and, on that date, plaintiff's counsel informed the court that Cinema Art had decided not to settle, and instead wished to proceed to trial. (*See* Dkt. No. 107, 108.) The action was again placed on the court's trial calendar, and a jury trial is currently scheduled to begin on June 24, 2013. (*See* Dkt. No. 110.)

Presently before the court is defendants' motion to dismiss the entire action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), or, in the alternative, for a hearing pursuant to N.D.N.Y. L.R. 41.2(a). (*See* Dkt. No. 111.) The gravamen of defendants' motion is that Cinema Art's purported intention to settle, and subsequent refusal to accept the proposed settlement offer, were intentionally "dilatory and contumacious," and constitute a failure to prosecute the action with "the required diligence." (Dkt. No. 111, Attach. 2 at 2.) For the reasons that follow, defendants'

2

motion is denied.

"Although a Rule 41(b) dismissal is at the discretion of the district court, it is a harsh remedy to be utilized only in extreme situations." *Storey v. O'Brien*, 482 F. App'x 647, 648 (2d Cir. 2012) (internal quotation marks and citation omitted). Before dismissing a claim pursuant to Rule 41(b), a district court must consider whether: (1) plaintiff's actions caused significant delay; (2) plaintiff received notice that additional delay would result in dismissal; (3) defendant was prejudiced; (4) plaintiff's right to appear in court is properly balanced against the need to alleviate congestion of the court's calendar; and (5) adequate lesser sanctions exist. *See id*. at 648-49 (internal quotation marks and citation omitted).[2]

Here, defendants' request for dismissal is predicated on a speculative assertion that Cinema Art "deliberately proceeded in a dilatory fashion," and "mislead[] both the [c]ourt and the defense." (Dkt. No. 111, Attach. 2 at 3.) Cinema Art flatly denies defendants' suggestion of deceitful motive, (*see* Dkt. 112, Attach. 1), and the record as a whole does not support such a characterization. Throughout the four-year prosecution

---

[2] "Courts in this district analyze motions under [Local] Rule 41.2 using the same framework and standards as motions under Rule 41(b)." *Ireland v. Hickey*, 220 F.R.D. 388, 390 (N.D.N.Y. 2004).

of the action, Cinema Art twice amended its Complaint, (*see* Dkt. Nos. 1, 7, 36), responded appropriately to motions filed by defendants and raised cross motions of its own, (*see* Dkt. Nos. 29, 66), timely filed its pre-trial submissions, (*see* Dkt. Nos. 80-82, 84), and generally complied with the periodic directives of the court.  Furthermore, after acknowledging that it would not settle, Cinema Art expressed a willingness to consent to the exercise of jurisdiction by a Magistrate Judge in the forthcoming trial.  (*See* Dkt. No. 108.)

While Cinema Art's refusal to accept settlement undoubtedly caused some delay, consideration of all of the appropriate factors weighs heavily against dismissal.  Accordingly, the court declines to dismiss this action or impose any lesser sanction on Cinema Art, and defendants' motion is denied in its entirety.[3]

**ACCORDINGLY**, it is hereby

**ORDERED** that defendants' motion to dismiss for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), or, in the alternative, for a hearing pursuant to N.D.N.Y. L.R. 41.2(a), (Dkt. No. 111) is **DENIED**; and it is

---

[3] Defendants' request for unspecified attorney's fees is similarly denied.  (*See* Dkt. No. 111, Attach. 2 at 3-4.)

further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

May 15, 2013
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court